HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMIR ABOULHOSN, et al.,

    Plaintiffs,

    v.

WELLS FARGO HOME MORTGAGE, et al.,

    Defendants.

CASE NO. C13-2013RAJ

ORDER

Now pending before the court are Defendants' motion to dismiss Plaintiffs' complaint and Plaintiffs' motion to amend their complaint. For the reasons stated herein, the court directs the clerk to TERMINATE Plaintiffs' motion to amend (Dkt. # 20), although Plaintiffs may file a new motion to amend provided they comply with court rules. This order concludes with instructions to all parties regarding their obligations with respect to a trustee's sale foreclosing the deed of trust on Plaintiffs' home.

According to their complaint, Plaintiffs Samir and Majda Aboulhousn own a home subject to a mortgage that Defendant Federal Home Mortgage Corporation ("Freddie Mac") holds and that Defendant Wells Fargo Home Mortgage services. To summarize briefly, Plaintiffs attempted from 2009 to 2011 to negotiate modifications of their mortgage. For various reasons, the modifications never came to fruition. Facing foreclosure, Plaintiffs filed a bankruptcy petition in January 2013, obtaining a discharge order in May 2013. During their bankruptcy, they attempted again to negotiate a loan

ORDER – 1

modification. There is no dispute that the parties reached agreement on the terms of a plan that required Plaintiffs to make monthly payments of about $2500, although the parties may disagree about whether they reached agreements on when the first modified payment was due. Plaintiffs' complaint is silent as to when their initial payment was due. They allege that Wells Fargo provided no address to which to send the payments, and that they were unable to obtain that information from Wells Fargo in a timely fashion. They allege that Wells Fargo ultimately demanded payment in certified funds, and refused to accept either a check that Plaintiffs mailed on June 27, 2013 or a cash payment Plaintiffs attempted to make at a local Wells Fargo branch on June 29.

Wells Fargo has asked the court to take judicial notice of a letter dated April 30, 2013 in which it announced Plaintiffs' modified loan, subject to Plaintiffs making required payments, the first of which was due on June 1, 2013. The letter includes payment coupons that bear a Wells Fargo address.

Wells Fargo attempted to foreclose on Plaintiffs home. On September 16, 2013, Defendant Northwest Trustee Services, acting as the trustee on the deed of trust securing Plaintiffs' mortgage, recorded a notice of a trustee's sale scheduled for October 25, 2013. That notice purported to be an "amended" notice of sale, but the only prior recorded notice of sale of which the court is aware is a notice recorded in September 2012. In short, the court is aware of no indication that Defendants have complied with the requirement to record a notice of a trustee's sale at least ninety days before the sale. RCW § 61.24.040(1).

Plaintiffs sued in King County Superior Court in October 2013. They sought a temporary restraining order enjoining the trustee's sale, and also asserted that Defendants had breached their agreement to modify the loan, had violated the Washington Consumer Protection Act ("CPA"), and had made negligent misrepresentations. At the time they sued, Plaintiffs were represented by counsel.

ORDER – 2

1  Defendants removed the case to this court in early November. There is no
2  indication that the King County Superior Court took any action prior to removal.
3  Defendants filed a motion to dismiss Plaintiffs' complaint on November 14. They
4  contend that they breached no contract because Plaintiffs failed to accept a modification
5  contract by making timely plaintiffs, that Plaintiffs suffered no injury within the scope of
6  the CPA, and that Plaintiffs have not plausibly alleged negligent misrepresentation. They
7  also ask the court to judicially estop Plaintiffs from raising allegations of improper
8  conduct before they filed their bankruptcy petition, because Plaintiffs failed to disclose
9  any claim against Defendants as part of their bankruptcy estate.

10  On November 25, Plaintiffs, through counsel, filed a stipulated temporary
11  restraining order. Dkt. # 12. That order reflected Defendants' agreement not to conduct
12  a trustee's sale until at least January 10, 2014, provided that Plaintiffs made a payment of
13  just over $2500 into the court's registry prior to December 1. Plaintiffs have made no
14  payment into the court's registry.

15  At the same time Plaintiffs' counsel filed the stipulated temporary restraining
16  order, she asked for leave to withdraw as counsel. The court permitted her to withdraw,
17  effective November 25. Since then, Plaintiffs have been representing themselves,
18  although they indicate that they continue to seek new counsel. Plaintiffs responded to
19  Defendants' motion to dismiss, filed an improper surreply to Defendants' reply brief, and
20  then filed a motion for leave to amend their complaint. Defendants have yet to respond
21  to the motion to amend.

22  In each of the pleadings Plaintiffs have filed on their own, they emphasize that
23  their primary goal is to save their home from foreclosure. *E.g.*, Pltfs.' Mot. to Amend
24  (Dkt. # 20) at 5 ("Plaintiffs' ultimate goal is to save their home from foreclosure and
25  obtain a fair modification."), Pltfs.' Surreply (Dkt. # 21) at 6 ("[T]he only thing
26  [Plaintiffs] seek is to save their home from foreclosure [and] receive a fair permanent
27  modification under the law . . ."). Plaintiffs also complain that their former counsel
28  ORDER – 3

refused to make corrections to their complaint at Plaintiffs' urging, and that counsel did not notify them of their obligation to make a payment into the court's registry in accordance with the stipulated temporary restraining order.

The court will not resolve Defendants' motion to dismiss in this order. The court will not consider Plaintiffs' motion to amend, however, because it does not comply with court rules that require them to file their proposed amended complaint in conjunction with a motion to amend. *See* Local Rules W.D. Wash. LCR 15. Plaintiffs' motion to amend does not explain how their amended complaint would change the claims they have asserted in this action.

As to Plaintiffs' primary goal to save their home from foreclosure, the court emphasizes to Plaintiffs that it cannot grant them relief merely because it believes they have been treated unfairly or because their financial circumstances are dire. If Defendants have a valid basis to foreclose on their home, and Plaintiffs have no valid basis to prevent that foreclosure, the court will not intervene. Moreover, although the court recognizes that Plaintiffs are seeking new counsel, the court cannot delay this action while they search for counsel. Finally, whether Plaintiffs knew of the requirements of the stipulated temporary restraining order or not, the fact remains that Plaintiffs have not made the payment that the order requires.

Considering all of the circumstances, the court orders as follows:

1) The clerk shall TERMINATE Plaintiffs' motion to amend. Dkt. # 20. Plaintiffs may file a new motion to amend, provided that they comply with LCR 15. The court suggests no opinion on whether Plaintiffs should file a motion to amend.

2) The court finds that the pleadings and documents before it raise at least substantial questions on the merits of one or more claims, and that Plaintiffs will suffer irreparable harm if Defendants continue with an attempted trustee

ORDER – 4

sale. The court accordingly orders that Defendants may not conduct a trustee's sale until further order of the court.

3) No later than January 17, 2014, a person with settlement authority for Defendants shall meet and confer with Plaintiffs (and their counsel, if they have new counsel) by telephone or in person. If the person with settlement authority is not Defendants' counsel of record in this case, at least one of their counsel of record shall participate in the conference. The parties shall determine if they can agree on a mortgage modification plan and a resolution to this case.

4) If the parties do not reach an agreement after meeting and conferring, and Defendants wish to proceed with foreclosure, they must file a brief establishing that they have met the procedural requirements of the Washington Deed of Trust Act for conducting a non-judicial trustee's sale. In particular, they must establish that they have given timely notice of the trustee's sale to Plaintiffs in accordance with the statute.

DATED this 24th day of December, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5