HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMIR ABOULHOSN, et al.,

    Plaintiffs,

  v.

WELLS FARGO HOME MORTGAGE, et al.,

    Defendants.

CASE NO. C13-2013RAJ

ORDER

       The court directs the clerk to TERMINATE Plaintiffs' "Motion to Hold Dismissal with Prejudice." Dkt. # 36. The clerk shall create a motion calendar, noted today, to consider the motion to dismiss (Dkt. # 8) that the court took off-calendar after the parties notified the court that they had reached a settlement.

       The court briefly summarizes the status of this action. It began in King County Superior Court in 2013, when Plaintiffs (who had an attorney at the time) sued not only to enjoin a scheduled trustee's sale of their home, but to assert claims for damages against Defendants. After Defendants removed the case to this court, the parties entered a stipulated temporary restraining order that prevented Defendants, at least temporarily, from conducting a trustee's sale.

       Two of the three Defendants moved to dismiss Plaintiffs' complaint. Before an opposition to that motion was due, Plaintiffs' counsel withdrew. In a December 24, 2013 order (Dkt. # 24), the court observed that the motion to dismiss was ready for the court to

ORDER – 1

decide, noted that the temporary restraining order was no longer in effect, but required Defendants to establish that they had met the requirements of the Washington Deed of Trust Act before conducting a trustee's sale. Defendants did so, and in a February 11, 2014 order (Dkt. # 28), the court permitted Defendants to proceed with the trustee's sale (then scheduled for February 21) without prejudice to a proper motion to enjoin the sale.

Instead of proceeding with the sale, the parties informed the court in mid-February that they had reached a settlement. The court took the motion to dismiss off its calendar and awaited the parties' announcement that they had formalized their settlement. The court initially imposed a March 4 deadline for formalizing the settlement and dismissing this action, but the parties repeatedly requested extensions of that deadline. In the court's most recent order, on April 14, the court explained that it would no longer devote resources to monitoring a case that had settled, and that the parties were obligated to submit a stipulated dismissal of the case by April 24 or the court would dismiss the case with prejudice, subject to the parties' right to reopen within 60 days if they were unable to perfect their settlement. Apr. 14, 2014 ord. (Dkt. # 32).

The parties have now both informed the court that their settlement has fallen apart. Defendants did so in an April 24 memorandum (Dkt. # 34), whereas Plaintiffs did so in an April 24 "Motion to Hold Dismissal with Prejudice." Plaintiffs included with their motion excerpts of many settlement communications (mostly by email) between the parties. Plaintiffs complain that Defendants acted in bad faith during the settlement process, much as they acted in bad faith in pre-suit negotiations over modifying Plaintiffs' loan.

The court takes no position on whether Defendants acted in good faith during settlement. Although the court encourages settlement, it cannot directly participate in settlement discussions, nor can it force a party to settle on the terms that another party prefers. Today, the court simply acknowledges that it appears that the parties will not be able to settle this case, or at least that it is no longer appropriate to delay the resolution of

ORDER – 2

this case in anticipation of a settlement.  Although the court's most recent order announced that it would dismiss this case on the basis of the settlement, that course of action is no longer appropriate in light of the breakdown of the parties' settlement.

This case will now return to the court's active calendar.  Accordingly, the court will place the motion to dismiss of Defendants Wells Fargo Bank and Federal Home Loan Mortgage Corporation ("Freddie Mac") back on its active calendar.[1]  The court cannot predict when it will have time to consider that motion, but it is fully briefed and the court will consider it.

The court emphasizes to Plaintiffs, as it did in its December 24, 2013 order, that it cannot grant them relief merely because it believes that they have been treated unfairly or because their financial circumstances are dire.  The Deed of Trust Act permits the beneficiary of a deed of trust to initiate a trustee's sale of a home when the homeowner defaults on the loan that the deed of trust secures.  The court has no idea if Defendants intend to pursue a trustee's sale of Plaintiffs' home.[2]  If they do, however, the court cannot stop the sale unless the Plaintiffs meet the requirements of RCW 61.24.130, or otherwise submit a motion giving a legal basis for the court to stop the sale.

DATED this 22nd day of May, 2014.

The Honorable Richard A. Jones
United States District Court Judge

---

[1] The third Defendant, Northwest Trustee Services, has scarcely participated in this action.  So far as the court is aware, it has not answered Plaintiff's complaint or otherwise responded to it.

[2] Both Wells Fargo and Freddie Mac acknowledge that they must, at a minimum, "re-initiate the nonjudicial foreclosure process" before they can schedule a trustee's sale.  Defs.' Apr. 24, 2014 memo. (Dkt. # 34) at 4 n.2.

ORDER – 3