13-CV-02013-MEM

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

JUN -9 2014   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

SAMIR AND MAJDA ABOULHOSN,       )
                                 )
              Plaintiffs,        )  NO. 2:13-cv-02013-RAJ
                                 )
                         vs.     )  MEMORANDUM IN OPPOSITION TO
                                 )  DISMISS MERITORIUS CLAINM
                                 )
WELLS FARGO HOME MORTGAGE;   et  )
al,                              )
                                 )
              Defendants

_____

Plaintiffs Samir and Majda Aboulhosn file this Memorandum in Opposition to Dismiss Meritorious Claim. Plaintiffs remind the Court that in its order of 12/24/13, it stated: "The court finds that the pleadings and documents before it raise at least substantial questions on the merits of one or more claims and that Plaintiff will suffer irreparable harm if Defendants continue with an attempted trustee sale".

**Plaintiffs Meritorious Claims and Contentions:**

**Numerous and Conflicting Claims of Ownership of the Note:**

1. Golf Savings Bank / Lender and Rainier Title Insurance Company / Trustee are described as the Grantees. MERS is the Nominee for Lender. Northwest Trustees and Wells Fargo wanted to foreclose. It is unlikely that all the assignments of title in the chain of title have taken place without any defects such as robo-signing.

2. The third Defendant (Northwest Trustees Services) has "scarcely participated in this action" as the Court has noted in its order on May 22nd, 2014. Plaintiffs are filing a motion for entry against Northwest Trustees due to:

   a- Failure to identify the owner of the promissory note or other obligation secured by the deed of trust or the entity authorized to exercise the right of the owner as it is required by the Deed of Trust Act.

   b- Failure to provide Plaintiffs copies of documentation showing the entity claiming to be the beneficiary is the owner of the promissory note which is a violation of the Foreclosure Fairness Act.

1. Golf Savings Bank / Lender and Rainier Title Insurance Company / Trustee are described as the Grantees. MERS is the Nominee for Lender. Northwest Trustees and Wells Fargo wanted to foreclose. It is unlikely that all the assignments of title in the chain of title have taken place without any defects such as robo-signing.

2. The third Defendant (Northwest Trustees Services) has "scarcely participated in this action" as the Court has noted in its order on May 22nd, 2014. Plaintiffs are filing a motion for entry against Northwest Trustees due to:

   a- Failure to identify the owner of the promissory note or other obligation secured by the deed of trust or the entity authorized to exercise the right of the owner as it is required by the Deed of Trust Act.

   b- Failure to provide Plaintiffs copies of documentation showing the entity claiming to be the beneficiary is the owner of the promissory note which is a violation of the Foreclosure Fairness Act.

c- Failure to act in good faith toward the
    borrowers/Plaintiffs and its duty to act
    independently when enforcing the Deed of Trust
    provisions.

d- Failure of NWTS to perfect their obligation to all
    of the parties to the deed, including the homeowner
    under RCW 61.24.010(4).

3. Violation of the FDCPA that prohibits a debt collector
   In its section 1692f (6) § 808 from "taking or
   Threatening to take any non-judicial action to effect
   Dispossession or disablement of property if:

A- "There is no present right to possession of the
    property claimed as collateral through an enforceable
    security interest". Defendants have relied on
    fraudulent documentation in the foreclosure process
    including "robo-signing".

4. Wells Fargo deceived Plaintiffs many times by not
   offering them the correct modification under the law.
   Defendant advised Plaintiffs/Borrowers in 2009 to default
   on their mortgage payments in order to qualify for
   modification which was not required by law; Plaintiffs

were not aware of this fact at the time. Consequently, Plaintiffs' interest rate on their credit cards jumped from 3% to about 29% which added severe burdens to their hardship.

5. The Loan Modification Application Program of Defendants is a Fraud, and is not based on any objective standards consistently applied; instead it is biased in favor of denying any relief to borrowers. Plaintiffs were offered two modifications in 2009/2010 at 60% of their income that was reduced due to the fall of the economy and loss of work opportunities. Defendants failed to offer Plaintiffs a modification based on their income and the real market property value. Instead of offering relief to borrowers, Defendants were busy foreclosing on decent and hardworking consumers around the nation. Daily phone calls to Defendants to offer the correct modification fell on deaf ears. In 2011, Plaintiffs were having problem with severe land erosion of their property and contacted Defendants requesting assistance with the insurance company. Till this day, no relief from Defendants to help the situation. At that same time of 2011, Plaintiffs were offered a long awaited modification; however they could not take it because of

the severe land erosion and the decrease in real property
value of over $250k (underwater).

6. Defendants caused irreparable harm to Plaintiffs by
misrepresenting the loan modification process.
Defendants' practices continue in harming borrowers by
making them believe or pretending to offer a loan
modification while threatening to foreclose against the
same homeowners. This situation became reality to
Plaintiffs when in June 2013, they made a modification
PAYMENT[payment]as informed by our POC,AND ALL DOCUMENTS
WE RECEIVED AND IN THE LETTER OF MODIFICATION OUR
ATTORNEY RECEIVED[payment].EXPRESS MAIL SEND to the
lender AND RECEIVED, AS ALAWAYS BEEN personal check,
NEVER EVER HAVE NSF. And beside attempted to make another
one by cash STILL TO secure the modification payment.
Went to ONE OF THEIR BRANCHES.BUT THE CASH PAYMENT COULD
NOT POST,AND THE BRANCH MGR HAVE NO EXPANATION NOR THE
PERSONS HE CALLED WHY??????TO FIND LATER AFTER LONG
WEEKEND TUESDAY MORNING FROM MY reliable POC [person in
contact]back from his leave, he informed me that my
personal check payment is not excepted,[certified
fund]and cash payment also not excepted because we are in
foreclosure.. Dealing with MY POC FOR ALMOST 3 months.

NEVER EVER MENTIONED THAT, VERBALLY OR IN ANY

CORRESPONDENT. BESIDE WE OR OUR ATTORNEY NEVER RECIEVED

THE LETTER THEY PRETEND THEY SEND ON 04/30/2013 HAVING

PAYMENT COUPON AND ADRESS TO SEND TO,WHICH WAS MISSING IN

THE LETTER 04/29/2013 we and our only letter in that

regard received. This kind of dealing we experienced a

lot between 2009 AND THE BEGINNING OF 2013, BEFORE THE

LENDERS AGREED TO HAVE an ASSIGNED POC FOR EACH

BORROWER.STILL IN OUR CASE OUR POC DID NOT DO HIS JOB.

INFORMING US ABOUT VERY IMPORTANT CRITICAL THINGS WE MUST

KNOW OR DO,WHICH HE WAS SUPPOSED TO DO WITHOIT ANY DOUBT,

that's HIS FULL RESPONSIBILITY TO THE BORROWER.WHICH IF

HE DONE,WOULD IN OUR CASE AVOID PUTTING US IN THIS

SITUATION .AND SAVING US ALL THIS ,AND THE VALUABLE TIME

OF THE COURT.BUT IT IS A PRACTICE THEY ARE USED AND

continue doing it, putting MORE STRESS AND ANXIATY ON THE

BORROWERS  LIFE HOPING THEY WILL BE FEED UP .AND THE

RESAULT for them the server and the trustee ANOTHER HUGE

ILLEGAL PROFIT..BUT FOR SURE THIS did NOT WORK WITH US.

And will not.IN 2014 ON MARCH 17TH DEFENDANT INSSISTED ON

US TO APPLY FOR MODIFICATION UNDER MEMEMORENDUIM

SETTLMENT AGREEMENT, WE DELIVERED 83 PAGES TO THE

DEFFENDENT OFFICE.STILL NO RESPOND … AGAIN DEFENDANT
DECEPTIVE PRACTICES CONTINUES.

7. The dual-track process practiced by Defendants is a proof
of deception and is not intended as an attempt to
negotiate modification agreements in good faith.

8. The dual-track process is intended to give borrowers the
illusion and the fake belief that the Defendants are
working with good intentions and in good faith.

9. Intentional Infliction of Emotional Distress is evident
by Defendants knowledge that they don't own the Note and
yet, they wanted to foreclose on Plaintiffs' property.
Intentional wrongful foreclosure is the basis for the
intentional infliction of Emotional Distress.

10. Defendants did not offer Plaintiffs any opportunity to
Remain in their home through restructuring of the loan.
Even during mediation with Defendants in January 2014,
Plaintiffs requested a loan restructure so Plaintiffs can
Stay in their home and assume their responsibility,
However, Defendants were adamant with their decline.

11. Defendant/Servicer is using false pretenses to coerce
Its victims, who are the Plaintiffs in this case to make
High modification payments, and when they fail to do so,
they take their home from them. Fact is, that even though

the modification offered to Plaintiffs in April 2013 was

Excessively high for Plaintiffs to afford, they took it

Anyway just so they keep their home. They sent their

Payment to Defendant/Servicer who proceeded with

Foreclosures proceedings.

12. Defendants had a policy of evasive tactics including

Losing documents, requiring unnecessary documents,

Delaying decisions, failing to apply industry standards

to review loan modification applications, wearing out

Plaintiffs to make them lose interest and energy in the

Process and ultimately lose their home.  Another tactic

is to make borrowers claim they have hardship and use that

against them.

Based on all the reasons listed above, Plaintiffs

respectfully request from this Court not to dismiss this

case with Prejudice.

Plaintiffs:

1    Samir Aboulhosn                    Majda Aboulhosn

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28